# NORTHERN RAILROAD COMPANY, Appellant, v. EARHARDT et al.

### Division One, March 12, 1902.

Condemnation: APPROPRIATING LAND HITHERTO CONDEMNED. Where land has been condemned for a railroad right of way and abandoned for such purpose, the effect of a subsequent appropriation by another company of the same strip for like purposes, is not to subject it to any new servitude, but the original appropriation made the strip a distinct and separate tract from that of which it originally formed a part, and hence the owner of the strip, whoever he may be, is entitled to damages for the new appropriation, but the owners of the original tract or farm are not entitled to any new compensation in the way of damages to the farm as a whole, for whatever damages they sustained were presumably settled at the first condemnation.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED AND REMANDED.

*J. G. Trimble* and *Lathrop, Morrow, Fox & Moore* for appellant.

(1) Failure to fence or to use the entire length of its right of way by a railroad will not destroy its title to that portion thereof not fenced or used. Inv. Co. v. Railroad, 108 Mo. 62; Morrill v. Railroad, 96 Mo. 174; Slocumb v. Railroad, 57 Ia. 675; Barlow v. Railroad, 29 Ia. 276; Brown v. Railroad, 101 Mo. 484. (2) Where a part of a tract of land is taken in a condemnation proceeding, the measure of damages is the value of the land taken and the diminution of the market value of the residue thereof, and it was error to direct the jury, under the facts in this case, that they should take into consider-

ation "the size of the cuts and fills on such railroad, the size and shape into which the remaining tracts of said lands are left by reason of the taking of the land for the right of way, the inconvenience in going from one tract to another," without adding, "and any grading or damages done prior thereto, you will not consider in arriving at your verdict;" and it was also error to admit the testimony of respondents covering any such prior grading or damages. Ragan v. Railroad, 144 Mo. 623; Railroad v. Fowler, 142 Mo. 670; Railroad v. McGrew, 104 Mo. 282; Railroad v. Barker, 102 Mo. 553; Doyle v. Railroad, 113 Mo. 287; Pierce on Railroads, p. 213. (3) The individual respondents, having received, through their ancestors, full damages for the use for railway purposes of the right of way involved herein, can not recover additional damages to land not embraced in the right of way. Doyle v. Railroad, 113 Mo. 280; Brown v. Railroad, 101 Mo. 484; Railroad v. Diehl, 64 Ia. 635; Hatch v. Railroad, 18 Ohio St. 92; Tel. Co. v. Rich, 19 Kan. 521; 3 Elliott on Railroads, sec. 1004; Bramard v. Railroad, 48 Vt. 107; State v. Maine, 27 Conn. 641. (4) Where the damages awarded exceed the aggregate of the items testified to by the witnesses, the verdict is excessive. Badgley v. St. Louis, 149 Mo. 122; Cullar v. Railroad, 84 Mo. App. 347. (5) Defendants' instruction was based upon the incompetent testimony of their witnesses, admitted over plaintiff's objections, and the court should have either refused or modified it so as to have withdrawn from the consideration of the jury all reference to the old cut and embankment and the way the farm was cut up thereby. Fink v. Phelps, 30 Mo. App. 431; Clark v. Hammerle, 27 Mo. 55; Griffith v. Conway, 45 Mo. App. 574; Wyatt v. Railroad, 62 Mo. 408; Sawyer v. Railroad, 37 Mo. 263; Evers v. Shumaker, 57 Mo. App. 427; Stocker v. Green, 94 Mo. 280; Stanfield v. Loan Ass'n, 53 Mo. App. 595; Sigerson v. Pomeroy & Andrews, 13 Mo. 620.

*E. C. Hall* for respondents.

(1) The court did not admit any testimony of damage caused by a cut which existed at the time of plaintiff's entry, and the only semblance of any such evidence appears in cross-examination. (2) The only evidence of damage by smoke and noise was drawn out on cross-examination by plaintiff's attorney.

BRACE, P. J.—In a proceeding instituted by appellant as plaintiff in the Clinton Circuit Court for the condemnation of a strip of land one hundred feet wide, for a right of way on and across the northwest quarter of the southwest quarter of section 15, township 55, range 33, in said county, in which Flora Earhardt, Albert Earhardt, William R. Guinn, Lottie Bledsoe, William Bledsoe, Cora Ford, Francis Ford, Alvin T. Guinn, Lulu Cunningham, J. M. Cunningham, Jessie Guinn, Theodosia Guinn, Milo Guinn, Mary Guinn, Albert Guinn, William Elliott, and the Kansas City & Atlantic Railroad Company, were defendants. Commissioners were duly appointed to assess the damages of the defendants who in due course made their report, assessing the damages at the sum of $250, and thereupon the appellant deposited said sum so assessed with the clerk of said court.

Afterwards, on October 22, 1898, the said defendants, other than the said Kansas City & Atlantic Railroad Company, filed their exceptions to the commissioners' report, and on October 27, 1898, the Kansas City & Atlantic Railroad Company filed its exceptions to said report.

Afterwards on January 11, 1899, the Kansas City & Atlantic Railroad Company withdrew its exceptions to the report and filed an intervening petition, which, omitting formal parts, is as follows: "Now comes the Kansas City & Atlantic Railroad Company, one of the defendants in the above entitled cause, and states and shows to the court that it is the owner of the land hereinafter, and in plaintiff's petition, and in the

report of the commissioners, described, which land is sought
to be acquired and appropriated by the plaintiff for use of a
right of way for its railroad and for which damages and com-
pensation were awarded by the report of said commissioners;
that said land is described as follows, to-wit:    All of a tract
of land one hundred feet in width, being fifty feet in width
on each side, measured at right angles to a line described as
follows:    Beginning at a point on the east line of the west
half of the southwest quarter of section fifteen, township fifty-
five north, range thirty-three west, twelve hundred and fifteen
feet south from the east and west center line of said section;
thence north by a line curved to the right of twenty-two hun-
dred and ninety-two feet radius, a distance of five hundred and
ninety-four feet; thence north thirty-two degrees and twenty-
six minutes west, as the needle reads, a distance of seven hun-
dred and ninety-six feet, to the east and west center line of
said section to a point seven hundred and seventy-six feet east
from the west line of said section, containing three and two-
tenths acres.

"This defendant further shows to the court that hereto-
fore and to-wit., on or about December 16, 1890, Mary J.
Guinn and Ethan A. Guinn, being then the owners of and in
possession of the land hereinbefore described, did by their
certain deed, dated December 16, 1890, and filed for record in
the office of the recorder of deeds in and for Clinton county,
Missouri, on December 19, 1890, and recorded in said office
in book 54, at page 191, convey to the Chicago, Kansas City
& Texas Railway Company, a railroad corporation duly cre-
ated, organized and existing under and by virtue of the laws
of the State of Missouri, the real estate hereinbefore described,
reference to which said deed and to the record thereof for a
more particular description of the premises therein and thereby
conveyed is hereby made, and said deed is made a part thereof.
And this defendant, the Kansas City & Atlantic Railroad Com-
pany, further shows to the court that said Chicago, Kansas

City & Texas Railway Company by its certain mortgage and deed of trust, dated April 5, 1889, and filed for record in the office of the recorder of deeds in and for Clinton county, Missouri, on April 19, 1889, and recorded therein in book 15, page 77, conveyed to the Central Trust Company of New York said premises and property hereinbefore and in said deed from Mary J. Guinn and Ethan A. Guinn described, in order to secure the payment of its certain mortgage bonds in said mortgage deed of trust described, reference to which said mortgage deed of trust is hereby made and the same is made a part hereof. This defendant further shows that thereafter the said Central Trust Company of New York instituted a certain suit of foreclosure in the circuit court of the United States within and for the western division of the western district of Missouri, at Kansas City, to foreclose the said mortgage deed of trust; that such proceedings were thereafter had in said suit that on December 10, 1892, a decree of foreclosure and sale were made and entered therein, and that thereafter and pursuant to the terms and conditions of said decree of foreclosure and sale, the said mortgaged property and premises therein described, including the said property hereinafter described, were sold and at said sale one Samuel Snow became the purchaser thereat. This defendant, the Kansas City & Atlantic Railroad Company, further shows to the court that said Samuel Snow by his certain deed of conveyance, dated June 4, 1893, and filed for record in the office of the recorder of deeds in and for Clinton county, Missouri, on July 8, 1893, in book 60, page 220, conveyed to this defendant, Kansas City & Atlantic Railroad Company, the property purchased by him at said sale, including the said property hereinbefore described. That the railroad of plaintiff is located over and across the said tract of land hereinbefore described and now owned by this defendant, the Kansas City & Atlantic Railroad Company. This defendant further shows that the plaintiff has paid to the clerk of this court, to-wit, the sum of two hundred and fifty

dollars, the amount awarded as damages and compensation, by the commissioners heretofore appointed herein to award and assess the damages and just compensation to be paid to the owner of said tract of land by reason of the acquisition and appropriation of said tract of land to the uses and purposes of the plaintiff. Wherefore, this defendant, the Kansas City & Atlantic Railroad Company, prays that the said sum of money so deposited by the plaintiff and petitioner, the Northern Railroad Company, be ordered and adjudged to belong to defendant, the Kansas City & Atlantic Railroad Company, and that the clerk of this court be ordered and directed to pay over said sum of two hundred and fifty dollars to this defendant."

To this petition no answer was filed, and the same remains pending in said court.

Afterwards on September 14, 1899, a trial before a jury was had "upon the exceptions of the defendant as to the award of the commissioners for damages," as the record recites, in which, a verdict was rendered assessing the damages at $500. Thereupon the circuit court after entering the usual decree vesting title, etc., rendered judgment as follows: "It is further ordered, adjudged and decreed by the court that the defendants herein recover of and from the plaintiff the sum of two hundred and fifty dollars, that being the difference in the amounts of the award of the commissioners, which said commissioners' award has been paid herein, and it is further ordered and adjudged that the plaintiff pay all the costs of this proceeding."

From this judgment the plaintiff appeals.

The leading instructions upon which the issue was submitted to the jury are as follows:

"1.   The court instructs the jury that this is a proceeding on the part of the plaintiff, the Northern Railroad Company, to condemn certain lands described in the petition, for the use of the said railroad company for a right of way, and in which

the damages which may be sustained by the defendants, Flora Earhardt, Albert Earhardt, William R. Guinn, Lottie Bledsoe, William Bledsoe, Cora Ford, Francis Ford, Alvin T. Guinn, Lulu Cunningham, Jesse Guinn, Theodore Guinn, Lulu Cunningham, J. M. Cunningham, Jesse Guinn, Theodosia Guinn, Milo Guinn, Mary Guinn and Albert Guinn, in consequence of the establishment, erection and maintenance of such railroad, are to be ascertained and assessed by the jury. You are, therefore, instructed that in estimating such damages you may take into consideration the value of the land taken at the time it was so taken, the size of the cuts and fills on such railroad, the size and shape into which the remaining tracts of said lands are left by reason of the taking of the land for the right of way, the inconvenience in the use of the remaining lands in going from one tract to another and the depreciation in value, if any, of the remaining parts of such lands so traversed by such railroad, and all other facts and circumstances in evidence, estimating the damages to the farm as a whole, and assess such an amount as will fully compensate the said defendants for all damages occasioned by the establishment, erection and maintenance of such railroad over and through the said lands.

"2. The court instructs the jury, that if they find from the evidence that a roadbed or cut was constructed through the land in controversy about the year 1890 and that the same was abandoned by the company which constructed said roadbed or cut, and that the plaintiff has appropriated said roadbed, yet the plaintiff will not be held liable for any damage done by said roadbed or cut except in so far as the plaintiff has added to the same, and increased the obstruction, if any, caused thereby."

The first was given at the request of the defendants therein named, and the second at the request of the plaintiff. It will thus be seen that, although the exceptions of the Kansas City & Atlantic Railroad Company to the commissioners'

report had been withdrawn and the only issue submitted to the jury was the amount of the damages of the defendants other than said railroad company, the judgment against the plaintiff was in favor of all the defendants.

We do not see any ground upon which the judgment can be sustained. The undisputed facts are that prior to the institution of this proceeding, a railroad had been located and partially constructed on the strip of ground in question, the roadbed therefor having been prepared by making a cut from eight feet to ten feet deep extending the whole length of the strip through the tract, rendering the right of way practically impassable from one to the other side thereof. The effect of the taking of this strip of land for the purposes of plaintiff's railroad is not to impose thereon any new servitude, but to subject it to the use for which it had already been by its owners expropriated from the tract of which it originally formed a part. The effect of such expropriation was to make the strip an entity separate and distinct from the tract from which it had been taken. The owner of the strip, whoever he may be, is entitled to damages from the plaintiff for the taking thereof, and as the whole of it is taken there is no remaining land the value of which could be affected by the taking, and the measure of the owners' damage for the taking is the value of the whole strip in the condition it was at the time of its appropriation by the plaintiff. The owner of the tract from which it was originally taken has not, by reason of such ownership, any claim to damages. Whatever claim he may have had in the first place on that score was presumably settled when the strip was originally dedicated to the use to which it is being subjected by this proceeding. Hence, the court committed error in admitting as evidence, over the plaintiff's objections, the estimates of witnesses of the damages to the tract or farm as a whole by the taking of this strip, and in giving the first instruction set out, predicated on such evidence.

As the highest value placed by any of the witnesses upon

the land taken was $50 per acre, the quantity taken only about three acres, and the damages assessed by the jury at $500, there can be no doubt but that these errors were prejudicial to the plaintiff, and for them the judgment of the circuit court will be reversed and the cause remanded.

All concur, except *Valliant, J.*, absent.